Dear Senator Mathewson:
You have recently requested an opinion of this office as to whether Art. X, § 21, Mo. Constitution (the Hancock Amendment), applies to the program support provisions contained in § 137.750, RSMo Supp. 1980, and if so, whether the "state financed proportion of the costs" for which the state is responsible is measured by the reimbursement rates provided for in that section or whether, on the other hand, that proportion is measured by the ratio of actual state reimbursements to actual total county costs during fiscal year 1981.
At the outset, we note that Art. X, § 21, Mo. Constitution, prohibits the state from "reducing the state financed proportion of the costs of any existing activity or service required of counties and other political subdivisions." While we know of no prior Missouri decisions directly on point, it is our considered opinion that the process of reassessment required of Missouri's counties by order of the State Tax Commission undoubtedly comprises an "activity or service" within the meaning of Art. X, § 21, Mo. Constitution. Accordingly, it becomes necessary to define the "proportion" which is required to be maintained by the Hancock Amendment.
Recent amendments to Chapter 137, RSMo, have substantially increased the number of assessment-related expense items for which a county may receive reimbursement from the state. Beginning with §§ 137.700 and 137.710, RSMo 1978, enacted in 1977, the General Assembly provided for state funding to defray 50% of certain specified salaries and expenses incurred by an assessor's office. In connection with the statewide general reassessment ordered by the State Tax Commission, the General Assembly in 1979 added § 137.750 to the existing guidelines on reimbursement. In pertinent part that section provides:
 2. A county ordered to perform a general reassessment by the commission or a court shall be reimbursed for all reasonable costs expended pursuant to a general reassessment plan approved by the commission in the manner hereinafter set forth:
 (1) Fifty percent from the state of all reasonable costs actually incurred pursuant to an approved plan including any costs otherwise reimbursed under sections 137.700 and 137.710;
 (2) An additional twenty-five percent from the state for reasonable costs actually incurred pursuant to an approved plan which are incurred for the expenses specified in subdivision (4) of this subsection; in no event shall the total reimbursed from the state exceed seventy-five percent of actual cost, nor exceed thirty dollars per parcel;
While numerous activities required of counties and other political subdivisions have traditionally been at least partially funded from state revenues, we note that the provision set forth above is quite unusual in that it mandates the payment of a sum to each county, measured by a fixed percentage of that county's expenses. That provision suggests a resolution to the proportion issue, therefore, which is opposite to that which we believe obtains in the usual circumstance. That is, in the absence of a statute such as § 137.750.2 establishing an immutable ratio of state funds to total funds to be applied in each county, we conclude that § 21 would go no further than to require — with respect to any particular mandated service or activity — that the FY 1981 state portion oftotal program costs be preserved. Section 21 is, in other words, a "program-wide" funding requirement in most cases, such that while the actual ratio of state monies to local monies within a subdivision may vary, the amount of state funds when expressed as a percent of total program expense will remain constant, based upon FY 1981 experience. We believe in this case, however, that § 137.750
clearly requires adherence to the specified percentages set forth therein and their application on a county-by-county basis.
CONCLUSION
It is, therefore, the opinion of this office that with regard to the statewide reassessment currently in process the "state financed proportion" required to be maintained according to the Hancock Amendment (Art. X, § 21) is to be measured by the percentages set forth in § 137.750, RSMo Supp. 1980, and that accordingly, the state is responsible for reimbursement to the counties based upon the application of those percentages to actual approved expenses incurred in each county of the state.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Christopher M. Lambrecht.
Very truly yours,
 JOHN ASHCROFT Attorney General